IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA RENEE BIDDLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:14CV00060 SWW |
| | * | |
| MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; EXPERIAN INFORMATION SOLUTIONS INC.; and EQUIFAX INFORMATION SERVICES LLC; | * * * * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

Before the Court is a motion for summary judgment filed by Separate Defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Midland Defendants").[1] Plaintiff responded to the motion and the Midland Defendants filed a reply. For the reasons stated below, the motion is granted.

Plaintiff Angela Renee Biddle, who is proceeding *pro se*, filed this action seeking injunctive relief and compensatory and punitive damages against defendants for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The dispute involves two credit cards issued to plaintiff. Plaintiff alleges that in December 2010, she retrieved a credit bureau report from

---

[1] The Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas require that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." Local Rule 56.1(a). Defendants failed to comply with the Rule.

separate defendant Experian Information Solutions, Inc.("Experian") in which she became aware of two collection accounts for the Midland Defendants. She disputed the credit accounts with both Experian and separate defendant Equifax Information Services LLC ("Equifax"). She says that in September 2013, she became aware of a Stipulated Order entered in a case against CompuCredit and Jefferson Capital Systems, the original creditors of her accounts, which she contends applies to her credit card accounts. Plaintiff alleges she asked Experian to reinvestigate the accounts in light of the Stipulated Order. She argues she does not legally owe a debt to the Midland Defendants who purchased the two credit card accounts. Plaintiff complains that in spite of the Stipulated Order, the Midland Defendants continue their collection activities and Experian and Equifax continue to include the accounts in her consumer credit file.

Midland Defendants move for summary judgment, arguing that the Stipulated Order does not apply to the credit card accounts they are attempting to collect. In support of their motion for summary judgment, the Midland Defendants submit the affidavit of John Moreno, an authorized representative of the Midland Defendants, who states he reviewed business records kept by the Midland Defendants in their normal course of business.[2] According to those records, plaintiff opened an Aspen MasterCard account ending in 9483 with First Bank & Trust on or about January 3, 2007. She opened a second credit card account, ending in 8286, with First Bank of Delaware on or about January 16, 2007. The Midland Defendants purchased both these accounts from Jefferson Capital Systems, LLC in September 2009.[3] Both accounts had been previously owned by CompuCredit Corporation.

---

[2] Mot. Summ. J., Ex. 1 (Moreno Aff.)

[3] In her complaint, plaintiff states she opened these accounts in September 2009.

In December 2008, the United States District Court for the Northern District of Georgia, Atlanta Division, entered a Stipulated Order for Permanent Injunction and Other Equitable Relief against CompuCredit Corporation. The Stipulated Order applies to accounts that were activated "on or before December 31, 2005."[4] The Stipulated Order reads:

> For consumers whose Little Rock accounts were activated on or before December 31, 2005 and were charged off within nine (9) months of activation . . .
>
> For all consumers whose Little Rock accounts were activated on or before December 31, 2005, but never used to make a purchase or obtain a cash advance . . . .

The undisputed evidence shows that the earliest Accounts 9683 and 8286 were activated would have been January of 2007, more than a year after the applicable deadline set in the Stipulated Order.

In response to the motion, plaintiff contends the Moreno affidavit is not legally sufficient and mentions there are a number of lawsuits pending regarding robo-signed affidavits by Midland Defendants. She further asserts Midland Defendants committed fraud when they changed the original credit information on her personal credit report to show First Bank and Trust and First Bank of Delaware as the original creditors. She argues the Midland Defendants updated the listing of the original creditors in an effort to cover up their required compliance with the Stipulated Order by the previous creditor.

The Court already found that the affidavit of John Moreno is competent summary judgment evidence, and the fact that others have sued the Midland Defendants for robo-signing affidavits does not create a genuine issue of fact as to whether her accounts were covered by the

---

[4]Mot. Summ. J., Ex. 2 (Stipulated Order) at 9.

Stipulated Order. The fact that plaintiff's updated credit reports show a different original creditor does not change the fact that her accounts were activated more than a year after the deadline set forth in the Stipulated Order.

IT IS THEREFORE ORDERED that the motion for summary judgment [ECF No. 12] is granted. Plaintiff's claims against the Midland Defendants are dismissed.

DATED this 27th day of May, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE