IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA RENEE BIDDLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:14CV00060 SWW |
| | * | |
| MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; EXPERIAN INFORMATION SOLUTIONS INC.; and EQUIFAX INFORMATION SERVICES LLC; | * * * * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

Before the Court is a motion for summary judgment filed by Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC. ("Equifax"). Plaintiff failed to timely respond to the motion. For the reasons stated below, the motion is granted.

Plaintiff Angela Renee Biddle, who is proceeding *pro se*, activated two credit card accounts in January 2007. She defaulted on those credit cards and separate defendants Midland Funding, LLC and Midland Credit Management, Inc., purchased the debts in September 2009 ("the Midland Collection Accounts"). Separate defendants Experian and Equifax included those credit card accounts in their consumer credit file. Ms. Biddle disputed the Midland Collection Accounts with Experian and Equifax on or about October 31, 2013. She contends that she was no longer liable for the debts under a Stipulated Order entered in a case against CompuCredit Corporation and Jefferson Capital Systems, the original creditors of her accounts. Ms. Biddle asserts Experian and Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681 *et seq.*, by refusing to correct or update her consumer credit file despite being aware of the Stipulated Order.

Separate defendants Experian and Equifax move for summary judgment on the basis that the undisputed evidence shows the Stipulated Order applies only to consumers whose credit card accounts were activated on or before December 31, 2005. Ms. Biddle's accounts were opened after December 31, 2005.[1]

The FCRA, 15 U.S.C. § 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." If Ms. Biddle can show that Experian and Equifax negligently failed to comply with this requirement, she may recover actual damages, costs, and attorney's fees. *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814 (8th Cir. 1979)(citing 15 U.S.C. § 1681o). If she can show their violation was willful, Biddle would be entitled to punitive damages. *Id.* at 814 (citing 15 U.S.C. § 1681n).

Plaintiff presents no evidence showing there is a genuine issue of material fact in dispute as to the accuracy of the information she challenges. Accordingly, the motion for summary judgment [ECF No. 67] is granted. Plaintiff's claims against Experian and Equifax are dismissed. A separate judgment shall be entered dismissing this case.

DATED this 13th day of January, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] In an Order entered on May 27, 2014, dismissing plaintiff's claims against the Midland defendants, the Court found that the earliest date the accounts could have been opened is January 2007.